OSBORNE,
*Respondent,*
*v.*
INTERNATIONAL HARVESTER COMPANY,
*Appellant,*
*and*
MULTNOMAH COUNTY,
*Respondent.*

(No. A7908-03933, CA A21274)

654 P2d 1148

E. Joseph Dean, Portland, argued the cause for appellant. With him on the briefs were Charles F. Adams and Stoel, Rives, Boley, Fraser and Wyse, Portland.

Burl L. Green, Portland, argued the cause for respondent Patricia Osborne. On the brief were Robert J. Neuberger and Green, P.C. & Griswold, Larson & Sharp, Portland.

John B. Leahy, County Counsel, Portland, argued the cause for respondent Multnomah County. On the brief was Noelle Mair, Assistant County Counsel, Portland.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

WARDEN, J.

## WARDEN, J.

Plaintiff was injured when her car collided with a truck that was owned by Multnomah County and operated by a county employe. She sued the county on a negligence theory and International Harvester, the manufacturer of the truck, on theories of negligence and strict liability. In its answer, the county included a cross-claim against International Harvester. The cross-claim was essentially a duplication of plaintiff's allegations against International Harvester and prayed for damages to the county's truck.

At the beginning of trial, the county orally withdrew its cross-claim. The judge accepted the withdrawal, and the cross-claim was thereafter ignored. The jury returned a verdict in favor of plaintiff and against International Harvester only. It is from the ensuing judgment, pursuant to that verdict, that this appeal is taken.

The appeal must be dismissed for lack of jurisdiction. The final judgment disposing of the case made no mention of the cross-claim. Without a stipulation of dismissal signed by all adverse parties, an action that has proceeded to trial cannot be dismissed at the plaintiff's instance "save upon *judgment* of dismissal ordered by the court and upon such terms and conditions as the court deems proper." ORCP 54A(2). (Emphasis supplied.)[1] Withdrawal of the county's cross-claim was tantamount to its dismissal, but no judgment of dismissal was entered. ORCP 67B provides:

> "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and

---

[1] *Cf.* Federal Rules of Civil Procedure Rule 41(a)(2) (requires only that the dismissal be "upon order of the court * * *").

the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

It thus appears that the judgment appealed from is not a final one, because it did not dispose of the cross-claim, and the appeal must be dismissed.[2]

Appeal dismissed.

---

[2] At oral argument, we suggested that the parties stipulate to a dismissal of the cross-claim, *see* ORCP 67F, but International Harvester has declined so to stipulate.