Submitted on record and briefs April 29, appeal dismissed November 2, reconsideration denied December 16, 1983, petition for review denied January 10, 1984 (296 Or 253)

JACOBSON,
*Appellant,*

*v.*

MOUNTAIN PARK HOME OWNERS
ASSOCIATION et al,
*Defendants,*
KAYSER et ux,
*Respondents.*

(A8104-02085; CA A27464)

670 P2d 633

John F. Cramer, Jr. and Cramer & Cromwell, Portland, filed the brief for appellant.

John H. Heard and Fellows, McCarthy, Zikes & Kayser, Portland, filed the brief for respondents.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

In April, 1981, plaintiff brought an action for ejectment against Mountain Park Home Owners Association (Mountain Park), Arthur and Virginia Kayser and Terry and Donna Goldbeck.[1] The Kaysers counterclaimed for declaration of an easement and brought in as third party defendant Waker Associates, Inc. Subsequently, plaintiff and Mountain Park, through its attorney, signed a stipulated order of dismissal without prejudice. That order was submitted to the court and signed by the trial court on May 22, 1981. On February 23, 1983, the court dismissed plaintiff's complaint and granted the Kaysers' motion for summary judgment. Plaintiff then sent a notice of appeal to the attorneys for the Kaysers and Waker Associates, but not to Mountain Park or its attorney. The Kaysers now contend that, because plaintiff failed to send a notice of appeal to Mountain Park, this court is without jurisdiction and must dismiss this appeal.

ORS 19.023 provides, in pertinent part:

"* * * * *

"(2)   The appeal shall be taken by causing a notice of appeal, in the form prescribed by ORS 19.029, to be served:

"(a)   On all parties *who have appeared* in the action, suit or proceeding * * *." (Emphasis supplied.)

ORS 19.033 further provides:

"* * * * *

"(2)   The serving and filing of the notice of appeal as provided in ORS 19.023, 19.026 and 19.029 is jurisdictional and may not be waived or extended."

Thus, failing to serve a notice of appeal on a party who has appeared in an action requires this court to dismiss the appeal for lack of jurisdiction.

Plaintiff argues that the signing by Mountain Park of the stipulated order dismissing the action against it did not constitute an appearance within the meaning of ORS 19.023 and that, therefore, plaintiff was not required to send Mountain Park a notice of appeal. Plaintiff is incorrect. An

---

[1] The Goldbecks were never served with a summons and complaint and were subsequently dismissed as defendants.

appearance is an act by which a party comes into court and submits itself to the court's jurisdiction. Mountain Park submitted itself to the circuit court's jurisdiction when its attorney signed the stipulation and sought to obtain the court's order dismissing the action against it.

Furthermore, contrary to plaintiff's contentions, this appeal is not saved from dismissal by this court's holding in *Northern Insurance Co. v. Conn Organ Corp.,* 40 Or App 785, 596 P2d 605, *rev den* 287 Or 507 (1979). In that case, we held that, although the plaintiff had failed to send a notice of appeal to a party who had appeared in the case, that did not require dismissal for want of jurisdiction, because (1) all the defendants conducted themselves as if the party had never been a party at all *and* (2) both the appellant and the party to whom notice was not sent had the same attorney. (In fact, they were an insurer and its insured). In the present case, although the parties may have acted as if Mountain Park had never been a party, Mountain Park and plaintiff did not have the same attorney. Compliance with ORS 19.023(2) was the only way for Mountain Park to receive notice of the appeal that might ultimately affect its interests in the case. Plaintiff's failure to comply with the jurisdictional prerequisite of ORS 19.023(2)(a) requires dismissal of this appeal.

Appeal dismissed.[2]

---

[2] This court had previously denied a motion by respondents to dismiss this appeal. We are now persuaded that our denial was in error for the reasons set forth in this opinion.