Argued and submitted October 17, 1984, appeal and cross-appeal dismissed
February 20, 1985

OREGONIANS AGAINST TRAPPING,
*Appellant - Cross-Respondent,*

*v.*

MARTIN et al,
*Respondents - Cross-Appellants,*

(A8012-06768; CA A27062)

695 P2d 932

Larry N. Sokol, Portland, argued the cause for appellant - cross-respondent. With him on the briefs was Jolles, Sokol & Bernstein, P.C., Portland.

John R. Faust, Jr., Portland, argued the cause for respondents - cross-appellants. With him on the brief were

Cynthia S.C. Shanahan, and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

Plaintiff, a political committee, brought this action under ORS 260.532 to recover general and punitive damages for false statements made in connection with a 1980 ballot measure to ban the trapping of wildlife. Before trial, plaintiff's complaint against five of the defendants was dismissed with prejudice. The action went to trial on the third amended complaint with Roger E. Martin, personally and dba Roger E. Martin and Associates, James H. Glass and Wildlife Legislative Fund of America (WLFA) as defendants.

The trial court directed a verdict for defendants on plaintiff's claim for general damages, and the jury returned its verdict for defendants Martin and Glass on the punitive damages claim. The jury was not able to reach a verdict as to WLFA, and the court declared a mistrial. The court then granted WLFA's motion to dismiss on the ground that ORS 260.532 is unconstitutional. Plaintiff appeals, and respondents cross-appeal.

We conclude that we lack jurisdiction. It is necessary to recount the relevant procedural events.

The original complaint was filed in December, 1980. Defendants were Roger E. Martin, personally and dba Roger E. Martin and Associates, Abner Rice, Bill Hendershot, Jessie Cooper, Dr. Don Bailey, Wayne R. Bryan, James H. Glass and WLFA. Within a few days, a first amended complaint was filed. Defendants then filed appearances, including a motion for summary judgment, which was denied.

Pursuant to a stipulation, plaintiff's complaint against defendants Hendershot, Cooper, Bailey and Bryan was dismissed with prejudice by separate orders of dismissal dated September 23, 1982.

In November, 1982, a third and final amended complaint was filed against the remaining defendants, Martin, personally and dba Roger E. Martin and Associates, Rice, Glass and WLFA. On November 29, 1982, also pursuant to a stipulation, plaintiff's complaint against Rice was dismissed with prejudice. The action went to trial against the three remaining defendants and proceeded to judgment.

Plaintiff filed a notice of appeal and served it on the

three defendants who defended at trial, but not on the five defendants who had been dismissed pretrial. Respondents then moved to dismiss the appeal on the ground that plaintiff had failed to serve the notice of appeal "on all parties who had appeared in the action," as is required by ORS 19.023(2)(a). The motion was denied on May 31, 1983. Thereafter, in June 1983, respondents petitioned the Supreme Court for a writ of mandamus to compel this court to dismiss the appeal. The petition was denied on August 12, 1983. Respondents renewed their motion to dismiss after our decision in *Jacobson v. Mt. Park Home Owners Assn.,* 65 Or App 269, 670 P2d 633 (1983) *rev den* 296 Or 253 (1984). We denied that motion on February 9, 1984. Respondents in their brief and at oral argument, contend once again that we lack jurisdiction, because: (1) "the five defendants who were dismissed were not named in the notice of appeal;" (2) "the notice was not directed to those defendants;" and (3) "they were not served with the notice." ORS 19.023(2)(a); ORS 19.033(2).[1]

Before we concern ourselves with whether the notice of appeal was properly served, we must determine whether plaintiffs appealed from an appealable judgment. That determination is in accordance with the principle of putting the horse before the cart.

The five orders dismissing the five defendants use the same language.

"Pursuant to the stipulation between the parties, plaintiff's complaint against [a named defendant] is hereby dismissed with prejudice. This dismissal shall be without effect as to any other defendant."

No judgment was entered pursuant to the orders of dismissal. The judgment appealed from makes no reference to the orders of dismissal or to the dismissed defendants. The judgment

---

[1] ORS 19.023(2)(a) provides:

"(2) The appeal shall be taken by causing a notice of appeal, in the form prescribed by ORS 19.029, to be served:

"(a) On all parties who have appeared in the action, suit or proceeding * * *."

ORS 19.033(2) provides:

"The serving and filing of the notice of appeal as provided in ORS 19.023, 19.026 and 19.029 is jurisdictional and may not be waived or extended."

appealed from does not comply with ORCP 67B,[2] because it fails to make "an express determination that there is no just reason for delay" and "an express direction for the entry of judgment." *See May v. Josephine Memorial Hospital,* 297 Or 525, 686 P2d 1015 (1984); *Mattila v. Hedrick,* 66 Or App 749, 675 P2d 189 (1984); *Moffet v. Ginther,* 66 Or App 498, 674 P2d 87 (1984); *see also ORS 19.010(1); City of Portland v. Carriage Inn,* 296 Or 191, 673 P2d 571 (1983). It is therefore not final or appealable.

 In the absence of a judgment disposing of all claims against all parties or a judgment finally disposing of fewer then all claims pursuant to ORCP 67B, there is no final judgment from which an appeal can be taken. In this case, in the absence of a judgment disposing of plaintiff's claims against the five defendants dismissed from the case or a judgment entered against the remaining defendants in compliance with ORCP 67B, the judgment being appealed is not a final, appealable judgment. Therefore, on our own motion, we dismiss the appeal and cross-appeal. Respondents' motion to dismiss is denied as moot.

Appeal and cross-appeal dismissed.

---

[2] ORCP 67B provides:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."