Argued and submitted November 5, 1984, appeal dismissed February 20, reconsideration denied April 5, petition for review pending, 1985

PARNICKY et al,
*Appellants,*

*v.*

WILLIAMS et al,
*Respondents.*

WILLIAMS et al,
*Third Party Plaintiffs - Respondents,*

*v.*

PICCINATI,
*Third Party Defendant - Appellant.*

(80-274-E; CA A30814)

695 P2d 934

Donald H. Coulter, Grants Pass, argued the cause for appellants. With him on the briefs was Myrick, Coulter, Seagraves, Myrick & Adams, Grants Pass.

Karen C. Allen, Medford, argued the cause for respondents William O. Williams and Lois Williams. With her on the brief was Foster & Purdy, Medford.

Frank R. Alley, III, Medford, waived appearance for respondents Leonard Rice and Marian D. Rice.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

This is a civil action in which plaintiffs sought to quiet title and to establish a boundary. The action was filed primarily because defendants Williams asserted that they held a perpetual easement over plaintiffs' property.[1] Plaintiffs appeal from a trial court judgment dismissing their claims and quieting title in defendants Williams. Third-party defendant Piccinati, owner of property abutting plaintiffs' property, also appeals. He contends that the trial court erred in failing to enter a judgment in his favor after defendants Williams dismissed their third party claims for easement rights over his property.

The judgment recites in relevant part:

"On February 1, 1983, the court signed an order dismissing the Williams' counterclaims *and* third party claims concerning the use of the easement for access to the Rogue River * * *. With the dismissal of the counterclaims and third party claims, the only remaining connection of third party defendant Jay G. Piccinati concerned the use of the existing driveway. * * * Thereafter, the third party claimant had no further connection with this matter and did not participate in the trial." (Emphasis supplied.)

The judgment adjudicates in relevant part:

"Plaintiffs, defendant [sic] Rice and third-party defendant Piccinati, and any and all persons claiming through or under them, have no estate, lien, title, right or interest whatsoever in or to the real property as set forth in paragraph 2 above, or any part thereof."

The judgment fails to adjudicate defendants Williams' third party claim against Piccinati. It is therefore not a final judgment and is not appealable. ORCP 67B.[2]

---

[1] By stipulation of all parties, defendants Rice were dismissed from the case at trial. The record does not indicate whether they were served with the notice of appeal. *See Jacobson v. Mt. Park Home Owners Assn.,* 65 Or App 269, 670 P2d 633 (1983), *rev den* 296 Or 253 (1984).

[2] ORCP 67B provides:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other

Appeal dismissed.

form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."