On appellant's motion for reconsideration, determination of jurisdiction, and for modification of order of dismissal filed June 6, and respondent's response to reconsideration with alternative motion filed June 21, reconsideration allowed, former opinion (73 Or App 820, 699 P2d 1142) withdrawn, appeal dismissed August 7, 1985

## PEARSON,
*Appellant,*

*v.*

## OGDEN MARINE, INC.,
*Respondent.*

## (A8203-01392; CA A32526)
704 P2d 521

C. Steven Vess, Portland, appeared for appellant.

Craig C. Murphy and Wood Tatum Mosser Brooke & Holden, Portland, appeared for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Plaintiff moves for reconsideration of our opinion in *Pearson v. Ogden Marine, Inc.*, 73 Or App 820, 699 P2d 1142 (1985), in which we dismissed plaintiff's appeal for failure to serve the notice of appeal on a third-party defendant who had appeared in the action. Plaintiff now contends that no final judgment was entered on a claim against the third-party defendant and that, because the judgment for defendant from which plaintiff attempted to appeal does not comply with ORCP 67B, the appeal must be dismissed for want of an appealable judgment.

The record shows that a claim against the third-party defendant was dismissed without prejudice by order pursuant to a pretrial stipulation. However, no judgment in favor of the third-party defendant has been entered pursuant to that order. An "order" cannot take the place of a judgment or decree. *City of Portland v. Carriage Inn,* 296 Or 191, 194, 673 P2d 531 (1983). The judgment appealed from does not dispose of all claims or parties, so it must comply with ORCP 67B in order to be appealable. *See Industrial Leasing Corp. v. Van Dyke,* 285 Or 375, 380-81, 591 P2d 352 (1979). The judgment appealed from does not comply with ORCP 67B, because it was not entered "upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. * * *" *See May v. Josephine Memorial Hospital,* 297 Or 525, 530, 686 P2d 1015 (1984). The appeal must be dismissed for want of a final judgment. *Oregonians Against Trapping v. Martin,* 72 Or App 210, 695 P2d 932 (1985).[1]

Motion for reconsideration allowed; former opinion withdrawn; appeal dismissed.

---

[1] Plaintiff's reply to defendant's response to the motion for reconsideration states that he

"has no objection to * * * [and] is prepared to stipulate that upon entry of the final judgment and timely appeal therefrom, this court may determine the issues raised in the new appeal upon the briefs and oral argument presented in this appeal."