Argued and submitted February 25, affirmed in part, reversed in part and remanded October 30, 1985, reconsideration denied January 31, petition for review denied March 4, 1986 (300 Or 563)

# FLIGHT DYNAMICS, INC.,
*Appellant - cross-respondent,*

*v.*

# QUESTECH CAPITAL CORPORATION,
*Respondent - cross-appellant.*

## (A8204-02006; CA A31183)

708 P2d 1173

John M. Volkman, Portland, argued the cause for appellant - cross-respondent. With him on the briefs was Stephen L. Griffith, Portland.

Stuart M. Brown, Portland, argued the cause for respondent - cross-appellant. With him on the brief were Tonkon, Torp, Galen, Marmaduke & Booth, Portland.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

NEWMAN, J.

## NEWMAN, J.

Plaintiff's appeal challenges the part of a judgment that denied it attorney fees. Plaintiff borrowed $500,000 from defendant under a loan agreement which provided that defendant could convert the amount due into plaintiff's common stock[1] at any time before or after default. The loan agreement also provided in section 8.2:

> "In case any one or more of the Events of Default shall happen and be continuing, the Note holder may proceed to protect and enforce his rights either by suit in equity or by action at law, or both, whether for the specific performance of any covenant, condition, or agreement contained in this agreement or the Note or in aid of the exercise of any power granted in this agreement or the Note or to enforce any other legal or equitable right of the Note holder. In any suit, action, or proceeding to collect the Note or to enforce any provision of this agreement, the Note holder shall be entitled to recover costs of collection and enforcement, including, without limitation, reasonable attorney's fees."

In March, 1982, defendant notified plaintiff that it was in default and demanded that plaintiff pay the balance within two days. Plaintiff filed an action for a declaration that it was not in default. Defendant counterclaimed for the full amount of the loan.

---

[1] Paragraph 2.1 of the loan agreement provides:

"The holder of the Note shall have the right, at his option, to convert the then principal amount of the Note, in whole at any time or in part (in increments of not less than $100,000) from time to time and to receive in exchange therefor one fully paid and nonassessable share of the Borrower's authorized but unissued share of common stock for (subject to adjustment as hereinafter provided) each $2.00 amount of such principal (such rate of conversion as adjusted in accordance with section 2.3, the 'Conversion Rate'). Such conversion shall be effected at the Conversion Rate in effect at the time of conversion at the principal office of the Borrower at the address listed above by surrender of the Note accompanied by the holder's written notice of election to convert the Note. Upon conversion, no principal or interest shall then or thereafter be due or payable under the Note with respect to the portion of the principal converted, and, if the full principal is converted, the Note shall be cancelled. If the conversion relates to less than the full outstanding principal of the Note, the Borrower shall cause an appropriate notation to be made on the Note and immediately return the Note to the holder thereof. The Borrower shall not be required to issue fractions of shares of common stock upon conversion of the Note. If any interest in a fractional share of common stock would otherwise be deliverable upon the conversion of the Note, the Borrower shall make adjustment for such fractional share interest by payment of an amount in cash equal to the same fraction of the price per share of the common stock at the close of business on the day of conversion."

On October 25, 1982, plaintiff, without admitting liability, tendered the full balance of $516,208.30. Defendant then asserted in a letter to plaintiff that it was entitled to convert under paragraph 2.1. Plaintiff immediately filed a second amended and supplemental complaint which, as a first claim, asked for a declaration that plaintiff was not obligated to convert and alleged:

"XI

"The Agreement provides for the recovery of costs of collection of the Note on enforcement of the Agreement, including reasonable attorneys' fees. The sum of $10,000 is a reasonable attorneys' fee for adjudication of the defendant's claim of a right to and demand for warrants."

Plaintiff's prayer asked for:

"2.   Plaintiff's attorneys' fees in the amount of $10,000, or such other amount as the court finds reasonable * * *."

Defendant moved to strike paragraph XI as sham. It asserted:

"On the face of plaintiff's first claim for relief, plaintiff appears to allege that defendant is not entitled to exercise its rights * * *. Plaintiff's argument appears to be that the agreement has been terminated by the payment to defendant of $516,208.33. If that is the case, plaintiff cannot recover attorney fees based on the agreement for the simple reason that the agreement no longer exists.

"If the agreement does exist, and if the attorney fee clause is enforceable, then defendant's demand for conversion under paragraph 2.1 of the agreement is just as enforceable, and plaintiff has wrongfully cut off that right, all to the damage of defendant."

The court allowed defendant's motion. It denied plaintiff's motion for reconsideration but ruled that plaintiff could make an offer of proof on attorney fees at trial.[2]

Plaintiff filed a third amended and supplemental complaint similar to its previous pleading, except that former

---

[2] In its second claim, plaintiff sought to recover $4,788.90, plus attorney fees. It alleged that the loan agreement provided that defendant would pay all expenses to maintain the registration statement for conversion shares, that plaintiff had expended $4,788.90 for that purpose and that plaintiff had demanded that defendant reimburse it, but that defendant had refused. Defendant moved to dismiss the second claim for failure to state a claim. ORCP 21. The court denied the motion.

paragraph XI on attorney fees was not included. Defendant then filed a second amended answer and a counterclaim that asked for plaintiff's common stock and alleged:

"XVII

"The agreement provides for recovery of attorney fees by the prevailing party in any lawsuit brought to enforce the terms of the note or agreement. Defendant should be awarded its reasonable attorney fees incurred herein."

Plaintiff's reply admitted that the agreement contained the provision for attorney fees that defendant alleged.

Shortly before trial defendant advised plaintiff that it would dismiss its counterclaims and allow plaintiff to take judgment against it on the remaining issues in the lawsuit. At trial plaintiff made an offer of proof on attorney fees. The court entered judgment for plaintiff on its claim for declaratory relief and provided:

"Defendant may not demand of plaintiff and plaintiff is not under any duty to issue to defendant, any warrants for stock, or any stock, in plaintiff corporation."

Nonetheless, it denied plaintiff attorney fees on its first claim, although plaintiff was the prevailing party on that claim, because it was for declaratory relief. Based on plaintiff's offer of proof, however, the court found as a matter of fact that $25,000 would be a reasonable award of attorney fees were they recoverable.[3]

Plaintiff assigns as errors that the court (1) struck paragraph XI of plaintiff's second amended and supplemental complaint; (2) denied its motion to reconsider; and (3) did not grant its request for attorney fees either as prevailing party on its first claim or as prevailing party on defendant's counterclaim for the stock. Plaintiff also asserts that it is entitled to reasonable attorney fees of $25,000. Defendant cross-appeals and assigns as error the court's finding that $25,000 was a reasonable sum for plaintiff's attorney fees on its first claim.[4] We reverse on the appeal and affirm on the cross-appeal.

---

[3] The court also awarded judgment to plaintiff on its second claim for $4,788.90 plus $2,500 attorney fees.

[4] Defendant also assigns as error that the court denied its motion to dismiss plaintiff's second claim in its second amended and supplemental complaint.

■ The trial court erred in holding that plaintiff was not entitled to attorney fees as the prevailing party on its first claim. The loan agreement provided that defendant could recover attorney fees "[in] any suit, action or proceeding to collect the Note or to enforce any provisions of this agreement." Had defendant sued for a declaration that it was entitled to convert under section 2.1 and prevailed, it would have been entitled to attorney fees under section 8.2. That section does not exclude an action for declaratory relief from its broad language.

Furthermore, ORS 20.096(1) provides:

"In *any* action or suit on a contract, where such contract specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the prevailing party, whether that party is the party specified in the contract or not, at trial or on appeal, shall be entitled to reasonable attorney fees in addition to costs and disbursements." (Emphasis supplied.)

Plaintiff was the prevailing party on its first claim. Its action to declare unfounded defendant's claim that warrants or common stock were due it was an "action * * * on a contract * * *." Its assertion that defendant was not entitled to convert concerned the application of section 2.1 of the loan agreement. Had defendant sought a declaration that it was entitled to convert under section 2.1, it would have been an action on a contract to enforce its provisions within the meaning of ORS 20.096(1). The remedial purpose of ORS 20.096(1), to provide "true reciprocity of attorney fees," requires that plaintiff's reciprocal right be just as broad. *Jewell v. Triple B. Enterprises,* 290 Or 885, 888, 626 P2d 1383 (1981). Finally, the court's conclusion that ORS 20.096(1) does not apply to an action for declaratory relief is not supported by Oregon authorities. *See Stark Street Properties v. Teufel,* 277 Or 649, 562 P2d 531 (1977).

■ The court, therefore, erred when it struck paragraph XI of the first claim in plaintiff's second amended and supplemental complaint, denied plaintiff's motion to reconsider and denied its request for attorney fees under that claim. Moreover, although the services of plaintiff's attorney for prosecution of the first claim and defense against defendant's

counterclaim overlapped, the evidence contained in plaintiff's offer of proof supports the court's finding. The court did not abuse its discretion in finding that $25,000 was a reasonable attorney fee for prevailing on its first claim.

■ Defendant asserts that plaintiff's judgment does not comply with ORCP 67B because it "does not dispose of all claims made in the present case" and does not contain "an express determination that there was no just reason for delay" and "an express direction for the entry of judgment." We disagree. Plaintiff's initial claim for declaratory relief was superseded by its subsequent pleading. A judgment does not fail to comply with ORCP 67B if it does not address superseded pleadings. Moreover, in open court on November 4, 1983, defendant withdrew its counterclaims and stated that it would not offer any evidence in their support. *See* ORCP 54A(1).[5] To comply with ORCP 67B the judgment does not have to dispose of counterclaims that the record shows defendant voluntarily withdrew. The judgment resolved all of the claims before the court.

■ We do not agree with defendant's argument that plaintiff must plead both the contract and ORS 20.096 to support its request for attorney fees. Plaintiff alleged in paragraph XI of its first claim (the paragraph that that court erroneously struck) that the loan agreement provided for the recovery of attorney fees. Pleading the contract was enough. Rule 68C(2) provides that a party must plead the facts, statute *or* rule that provides the basis for the award. *See Parkhurst v. Faessler,* 62 Or App 539, 542, 661 P2d 571 (1983). The purpose of ORCP 68 is to give parties "some warning of a potential claim for attorney fees prior to trial." Merrill, *Oregon Rules of Civil Procedure: A Handbook,* 150 (1981). Defendant knew from the commencement of the litigation that plaintiff sought attorney fees and the basis for its claim. Plaintiff did not also need to plead ORS 20.096(1).

---

[5] The court's Amended Findings of Fact, Conclusions of Law and and Judgment recite:

"[Defendant's counsel] did state in open court that defendant does admit all allegations in plaintiff's Third Amended and Supplemental Complaint * * * and that defendant does withdraw from its Second Amended Answer * * * any and all allegations which may be construed to constitute a counterclaim, and further, defendant would not offer any evidence in support of the affirmative allegations in defendant's Second Amended Answer * * *."

Defendant did not raise below its argument that, if plaintiff is entitled to attorney fees, its claim is limited to $10,000. In any event, it is without merit. Plaintiff's second amended and supplemental complaint asked for reasonable attorney fees and did not limit its claim to $10,000.[6]

Defendant's assignments of error in its cross-appeal are without merit.[7]

Reversed on appeal and remanded for entry of judgment for plaintiff, including attorney fees of $25,000 on its first claim; affirmed on the cross-appeal.

---

[6] The court also denied plaintiff attorney fees as prevailing party against defendant's counterclaim for the stock, although it found that, even though defendant had withdrawn it, plaintiff was the prevailing party respecting that counterclaim. Because paragraph XVII of defendant's counterclaim alleged that the loan agreement provided for attorney fees to "the prevailing party," and plaintiff admitted it, plaintiff asserts that it pleaded enough. *But see Steidlmayer v. Salishan Properties,* 74 Or App 417, 703 P2d 282 (1985). The court noted that plaintiff's "specific admission" in reply to paragraph XVII of defendant's counterclaim was "sufficient compliance" by plaintiff with ORCP 68C(2) and that plaintiff was entitled to attorney fees as the prevailing party on any counterclaim asserted by defendant. It denied fees to plaintiff, however, on the ground that the only counterclaim that defendant asserted was a claim for attorney fees in paragraphs XV to XVII inclusive of its second amended answer. We do not need to decide if the court erred in denying plaintiff attorney fees as prevailing party against defendant's counterclaim for stock. Plaintiff does not argue that the trial court should have awarded more than $25,000 attorney fees or fees for its defense against defendant's counterclaim, if it receives $25,000 on its first claim.

[7] Defendant's assertion in its first assignment of error respecting the amount of attorney fees awarded plaintiff on its first claim is discussed in connection with the appeal, *infra.* The second assignment of error does not merit further discussion.