On appellants' petition for review* filed March 21, 1985, review allowed; motion to supplement record allowed; decision of Court of Appeals reversed; trial court granted leave to enter an appealable judgment and case remanded to Court of Appeals for decision upon the merits October 28, 1986

See 85 Or App 117 (1987)

## PARNICKY et al,
*Appellants,*

*v.*

## WILLIAMS et al,
*Respondents.*

## WILLIAMS et al,
*Third Party Plaintiffs-Respondents,*

*v.*

## PICCINATI,
*Third Party Defendant-Appellant.*

(TC No. 80-274-E; CA A30814; SC S31621)

727 P2d 121

Donald H. Coulter and Myrick, Coulter, Seagraves, Myrick & Adams, Grants Pass, filed the petition for review for appellants.

---

* Appeal from Circuit Court, Josephine County, Honorable Gerald C. Neufeld, Judge. 72 Or App 206, 695 P2d 934 (1985).

Karen C. Allan and Foster & Purdy, Medford, filed a response to the petition for review.

Before Peterson, Chief Justice, Lent, Linde, Campbell, Carson and Jones, Justices.

MEMORANDUM OPINION

## MEMORANDUM OPINION

This civil case involves multiple parties and multiple claims, some of which were settled pre-trial. Plaintiffs and third-party defendant Piccinati appealed from a trial court judgment in favor of defendants Williams. The Court of Appeals dismissed the appeal because "[t]he judgment fails to adjudicate defendants Williams' third-party claim against Piccinati. It is therefore not a final judgment and is not appealable." *Parnicky v. Williams,* 72 Or App 206, 208, 695 P2d 934 (1985).

Plaintiffs and Piccinati petitioned for review contending, *inter alia,* that defendants Williams' third-party claims against Piccinati were dismissed with prejudice by order of the court at the beginning of trial, and thus that the judgment, as a practical matter, "suitably adjudicated all of the claims." While the recital material in the January 6, 1984, judgment refers to the order of dismissal, the Court of Appeals is correct that no judgment adjudicates these claims.

Subsequent to the decision by the Court of Appeals in this case but while the petition for review was pending before this court, the legislature amended ORS 19.033 (Oregon Laws 1985, chapter 734, section 5), by adding an alternative procedural resolution for attempted appeals from judgments that are defective in form, such as the case before us.

ORS 19.033(4) provides:

"Notwithstanding the filing of a notice of appeal, the trial court shall have jurisdiction, with leave of the appellate court, to enter an appealable judgment if the appellate court determines that:

"(a) At the time of the filing of the notice of appeal the trial court intended to enter an appealable judgment; and

"(b) The judgment from which the appeal is taken is defective in form or was entered at a time when the trial court did not have jurisdiction of the cause under subsection (1) of this section, or the trial court had not yet entered an appealable judgment."

This court inquired of counsel for the parties about the applicability of the new statutory provision to the case at hand. As urged by counsel, who filed memoranda in response to the court's question, we conclude that, in the circumstances

of this case, ORS 19.033(4) is an appropriate resolution to the procedural roadblock impeding the progress of this case. *See Ellis v. Roberts,* 302 Or 6, 9-10, 725 P2d 886 (1986). We determine that the statutory criteria prescribed by ORS 19.033(4) are met. We allow the petition for review.

Appellants have moved to supplement the record by inclusion of certain documents inexplicably missing from the trial court file. The motion is allowed. ORS 19.108; ORAP 6.15.

The trial court is granted leave to enter an appealable judgment. The decision of the Court of Appeals is reversed. The case is remanded to the Court of Appeals for decision upon the merits.