On appellant's petition for reconsideration filed September 26, reconsideration allowed; request for leave under ORS 19.033(4) denied; order of dismissal adhered to December 17, 1986, reconsideration denied February 13, petition for review denied March 17, 1987 (303 Or 74)

## MADUFF MORTGAGE CORPORATION et al, *Respondents,*

*v.*

## DELOITTE HASKINS & SELLS, *Appellant.*

(A8312-07855; CA A37152)

730 P2d 558

James H. Clarke, and Spears, Lubersky, Campbell, Bledsoe, Anderson & Young, Portland, for the petition.

Jacob Tanzer, and Ball, Janik & Novack, Portland, contra.

Before Joseph, Chief Judge, and Young and Warren, Judges.

JOSEPH, C. J.

## JOSEPH, C. J.

Appellant has petitioned for review of an order dismissing its appeal for lack of a final judgment. ORAP 10.10. The issues are whether a claim withdrawn in open court must be disposed of by a judgment and, if so, whether the court should exercise its discretion under ORS 19.033(4) to give the trial court leave to enter an amended judgment. We hold that a claim withdrawn in open court must be reduced to judgment and disapprove the contrary suggestion in *Flight Dynamics, Inc. v. Questech Capital Corp.,* 76 Or App 166, 172, 708 P2d 1173 (1985). Given the circumstances of this case, we decline to give leave under ORS 19.033(4) to enter an amended judgment to dispose of appellant's counterclaims and adhere to our decision to dismiss the appeal.

This case began as an action by the United States National Bank of Oregon (Bank) against Maduff Mortgage Corporation (Maduff) to foreclose a deed of trust. Maduff answered and counterclaimed against Bank. Joined with Maduff as counterclaim plaintiffs were four other corporations related to Maduff. Maduff and the other counterclaimants also joined Maduff's auditor, Deloitte Haskins & Sells (Deloitte), as a third party defendant. Bank's claim against Maduff was settled, and a stipulated final judgment was entered under ORCP 67B. The case was recaptioned in the trial court with Maduff and the related corporations as plaintiffs and Deloitte as defendant.

Deloitte filed an answer and three counterclaims, and the case went to trial on Maduff's claims and Deloitte's counterclaims. In open court, Maduff orally moved to strike Deloitte's counterclaims. The trial court did not rule on the motion, because Deloitte withdrew the counterclaims orally in open court.

After trial, in July, 1985, the trial court entered a judgment disposing of Maduff's claims against Deloitte. After motions for judgment *nov* or a new trial were disposed of, Maduff timely filed a notice of appeal from the July judgment and timely served the notice of appeal on all parties who had appeared in the action, except Bank. Citing ORS 19.023(2)(a), *O'Connell, Goyak & Ball v. Silbernagel,* 297 Or 207, 681 P2d 1159 (1984), and *Jacobson v. Mt. Park Home Owners Assn.,* 65 Or App 269, 670 P2d 633 (1983), *rev den* 296 Or 253 (1984), we

dismissed the appeal for lack of jurisdiction on the ground that Maduff had failed to serve its notice of appeal timely on a party who had appeared in the action. In the ensuing months, by petition for review and otherwise, Maduff sought to have its appeal reinstated, all to no avail. However, the case remained before the court on Deloitte's cross-notice of appeal and, because Maduff's appeal had been dismissed, Deloitte became the appellant and the Maduff organizations the respondents.

That was the posture of the case in July, 1986, when Maduff filed a motion to dismiss Deloitte's appeal on the ground that the judgment appealed from was not a final judgment, because neither it nor any other judgment disposed of Deloitte's counterclaims. Deloitte opposed the motion, citing *Flight Dynamics, Inc. v. Questech Capital Corp., supra,* for the proposition that a claim withdrawn in open court need not be disposed of by a judgment. Alternatively, if we were to determine that the withdrawn counterclaims had to have been reduced to judgment, Deloitte urged that we give leave under ORS 19.033(4) for entry of an amended judgment, instead of dismissing the appeal. On August 25, 1986, we dismissed the appeal, citing *Osborne v. International Harvester Co.,* 60 Or App 563, 654 P2d 1148 (1982), *rev den* 294 Or 613 (1983), *Industrial Leasing Corp. v. Van Dyke,* 285 Or 375, 591 P2d 352 (1979), and *State ex rel Zidell v. Jones,* 301 Or 79, 720 P2d 350 (1986).

Deloitte has petitioned for reconsideration of the order of dismissal, contending that the judgment is final and appealable as it now stands, without disposing of the withdrawn counterclaims, still relying heavily on *Flight Dynamics, Inc. v. Questech Capital Corp., supra.* The plaintiff there filed a complaint seeking declaratory relief, a second amended complaint seeking declaratory relief of a different type and including a claim for attorney fees, and a third amended complaint, which differed from the second amended complaint only in that the claim for attorney fees was omitted. The defendant filed a second amended answer and a counterclaim. Shortly before trial the defendant advised the plaintiff that it would dismiss its counterclaim and allow the plaintiff to take judgment on the remaining issues. Subsequently, the trial court entered a judgment for the plaintiff on the claims for declaratory relief. The judgment recited that the "defendant does

withdraw from its Second Amended Answer * * * any and all allegations which may be construed to constitute a counterclaim * * * ."

On appeal, the defendant contended that the judgment was not final and appealable, because it did not comply with ORCP 67B in that it did not dispose of the claim for declaratory relief in the original complaint nor dispose of the counterclaim. Rejecting that argument, we said,

> "Plaintiff's initial claim for declaratory relief was superseded by its subsequent pleading. A judgment does not fail to comply with ORCP 67B if it does not address superseded pleadings. Moreover, in open court * * * defendant withdrew its counterclaims and stated that it would not offer any evidence in their support. *See* ORCP 54A(1). To comply with ORCP 67B the judgment does not have to dispose of counterclaims that the record shows defendant voluntarily withdrew. The judgment resolved all claims before the court." 76 Or App at 172. (Footnote omitted.)

The just quoted language stands in contrast to the holding in *Osborne v. International Harvester Co., supra,* where the plaintiff had sued International Harvester and Multnomah County to recover for personal injuries sustained in a collision between her car and a truck manufactured by International Harvester and owned and operated by the county. Multnomah County filed a cross-claim against International Harvester. At the beginning of the trial, the county orally withdrew its cross-claim. The jury returned a verdict in favor of plaintiff and against International Harvester. We dismissed International Harvester's appeal for lack of jurisdiction for want of a final judgment. Citing ORCP 67B, we said:

> "The final judgment disposing of the case made no mention of the cross-claim. Without a stipulation of dismissal signed by all adverse parties, an action that has proceeded to trial cannot be dismissed at the plaintiff's instance 'save upon *judgment* of dismissal ordered by the court and upon such terms and conditions as the court deems proper.' ORCP 54A(2). (Emphasis supplied.) Withdrawal of the county's cross-claim was tantamount to its dismissal, but no judgment was entered." 60 Or App at 565. (Footnote omitted.)

*Osborne* states the better rule. First, it is consistent with the literal language of ORCP 67B:

"In the absence of such determination [of no just reason for delay] and direction [for entry of judgment], any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

*Osborne* also is consistent with Supreme Court decisions discussing the finality of judgments in multi-claim cases. *See, e.g., Industrial Leasing Corp. v. Van Dyke, supra.*

In *City of Portland v. Carriage Inn,* 296 Or 191, 194, 673 P2d 531 (1983), the court said, with respect to the finality of an order of dismissal:

"[A]n 'order' cannot take the place of a 'judgment or decree.' ORCP 70A specifically prescribes: 'Every judgment shall be in writing plainly labeled as a judgment and set forth in a separate document.' Counsel contemplating an appeal must be able to rely on that document, properly labeled a 'judgment,' in determining the 30-day period within which to file notice of appeal under ORS 19.026(1)."

A hypothetical variation of the case before the court demonstrates the soundness of that language. We will suppose that the trial court had severed defendant's counterclaims for trial after trial of plaintiffs' claims, that the court had entered a judgment disposing of plaintiffs' claims and that, on defendant's counterclaims coming to trial, defendant withdrew its counterclaims in open court. At the time when it was entered, the judgment disposing of plaintiffs' claims was not a final judgment, because neither it nor any other judgment had disposed of defendant's counterclaims. If withdrawal of a claim orally in open court were sufficient in the hypothetical situation just posed, how would the parties, or anyone else relying on the trial court record, know when the judgment disposing of plaintiffs' claims became final, enforceable and appealable?

We disapprove the suggestion in *Flight Dynamics, Inc.* that a claim is disposed of if it is withdrawn in open court and reaffirm the holding in *Osborne* that all claims must be disposed of by judgment. In so holding, we note that the Supreme Court has interpreted ORCP 67B not to require a single judgment disposing of all claims; it is sufficient if, taken

together, there are judgments disposing of all claims asserted in a case. *State ex rel Orbanco Real Estate Property Service v. Allen,* 301 Or 104, 720 P2d 365 (1986); *State ex rel Zidell v. Jones, supra.*

Our order dismissing Deloitte's appeal here also distinguished *Flight Dynamics, Inc.* on the ground that the judgment on appeal in that case "recited the disposition of the withdrawn claims whereas the judgment on appeal in this case is silent on the disposition of the counterclaims." We now disavow that portion of the order. As we held in *Parnicky v. Williams,* 72 Or App 206, 695 P2d 934 (1985), and the Supreme Court agreed with us on review, 302 Or 150, 151, 727 P2d 121 (1986), recitals of trial court action with respect to a claim are insufficient to dispose of the claim. Only the adjudicative portion of a judgment can dispose of a claim.

▪ We turn to Deloitte's request that, in lieu of dismissing the appeal, we give the trial court leave to enter an amended judgment under ORS 19.033(4).[1] We decline to give the trial court leave to enter an amended judgment, because that would have the effect of perpetuating the inability of Maduff to pursue the appeal it initially attempted to take. Maduff's appeal was dismissed for failure to serve a party who appeared in the action, even though that party (Bank) was not designated as an adverse party on appeal. Oregon Laws 1985, chapter 734, section 5, amended ORS 19.033(2) to provide that, when a notice of appeal designates adverse parties, the failure timely to serve notice of appeal on other parties who appeared in the action is not a jurisdictional defect. Maduff's notice of appeal was filed in this case on September 17, 1986, and designated adverse parties. However, the 1985 amendment became effective on September 20, 1986, too late to benefit Maduff, and the Supreme Court has held that the amendment to ORS 19.033(2) cannot be applied retroactively.

---

[1] ORS 19.033(4) provides:

"Notwithstanding the filing of a notice of appeal, the trial court shall have jurisdiction, with leave of the appellate court, to enter an appealable judgment if the appellate court determines that:

"(a) At the time of the filing of the notice of appeal the trial court intended to enter an appealable judgment; and

"(b) The judgment from which the appeal is taken is defective in form or was entered at a time when the trial court did not have jurisdiction of the cause under subsection (1) of this section, or the trial court had not yet entered an appealable judgment."

*Rhoades v. Eckelman,* 302 Or 245, 728 P2d 527 (1986); *but see Parnicky v. Williams, supra.*

Section 5 of the 1985 law also amended ORS 19.033 to add subsection (4). The purpose of amending subsection (2) was to eliminate as a jurisdictional requirement timely service of notice of appeal on parties who no longer had an active interest in the litigation, such as Bank in this case. It would be ironic, indeed, if the court were now to use the new subsection (4) of ORS 19.033 to prevent an appeal that, had it originally been filed only a few days later, would have been timely filed and served. By dismissing this appeal now, we make it possible for the parties to go back to the trial court and obtain a judgment that disposes of Deloitte's counterclaims. The parties, including Maduff, may then, if they desire, initiate appeals.

Reconsideration allowed; request for leave under ORS 19.033(4) denied; order of dismissal adhered to.