Submitted on remand from the Oregon Supreme Court November 25, 1986, affirmed in part, reversed in part and remanded April 22, reconsideraton denied June 12, petition for review denied July 28, 1987 (303 Or 699)

PARNICKY et al,
*Appellants,*

*v.*

WILLIAMS et al,
*Respondents.*

WILLIAMS et al,
*Third Party Plaintiffs-Respondents,*

*v.*

PICCINATI,
*Third Party Defendant-Appellant.*

(80-274-E; CA A30814)

735 P2d 1260

Gerald C. Neufeld, Judge.

Donald H. Coulter, Grants Pass, argued the cause for appellants. With him on the briefs was Myrick, Coulter, Seagraves, Myrick & Adams, Grants Pass.

Karen C. Allen, Medford, argued the cause for respondents William O. Williams and Lois Williams. With her on the brief was Foster & Purdy, Medford.

Frank R. Alley, III, Medford, waived appearance for respondents Leonard Rice and Marian D. Rice.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

This is a quiet title action. It is before us on remand from the Supreme Court. 302 Or 150, 727 P2d 121 (1986). The Parnickys appeal from a trial court judgment denying them relief against the Williamses[1] and granting the Williamses relief on their counterclaim and third party claim for quiet title against the Parnickys and Piccinati. We review *de novo.* ORS 19.125(3).

The Parnickys contend that the trial court erred in dismissing their quiet title action in its entirety, because the court had previously dismissed with prejudice the Williamses' defense and counterclaim for an easement to the Rogue River over one parcel of the Parnickys' property. They argue that, because the Williamses abandoned their claim to that parcel, the court should have quieted their title to that parcel. We agree. The Parnickys are entitled to a judgment quieting title in them against the Williamses[2] to the parcel over which the easement to the river is alleged to have existed.

For the same reason, Piccinati is entitled to a judgment dismissing with prejudice the Williamses' claim to the portion of his property over which the easement to the river was alleged to have existed. Piccinati also claimed that he was entitled to recover costs and disbursements. ORCP 68B. He argues that, because he prevailed on the claim for an easement to the river and because he did not contest the Williamses' claim to a driveway easement to the highway, the Williamses have gained nothing that they did not already have and, therefore, he is the prevailing party. We agree. Piccinati was entitled to recover his costs and disbursements in the trial court.[3]

Reversed and remanded with instructions to quiet

---

[1] The complaint also named the Rices as defendants. The boundary line between the Parnickys and the Rices was settled by stipulation.

[2] The Parnickys claim that they are entitled to a judgment quieting title *in rem* to the easement parcel. They filed their complaint against the named defendants and "all other persons or parties claiming any right, title, estate, lien or interest in the real property described in the complaint herein[.]" ORCP 20J. However, there is no evidence in the record that they served those unnamed persons by publication, as required by ORCP 7D(6)(e). Therefore, they are not entitled to a judgment *in rem.*

[3] We have reviewed plaintiffs' other assignments of error and conclude that they lack merit.

Parnickys' title against Williamses to the parcel over which the easement to the river is alleged to have existed, to dismiss with prejudice the Williamses' claim to the portion of Piccinati's property over which the easement to the river is alleged to have existed and to award Piccinati costs and disbursements; otherwise affirmed.