SWAGERTY et al,
*Appellants,*

*v.*

JOE ROMANIA CHEVROLET, INC.,
*Respondent.*

(16-86-02280; CA A43091)

770 P2d 967

John C. Fisher, Eugene, argued the cause and filed the briefs for appellants.

Robert E. Franz, Jr., Eugene, argued the cause and filed the brief for respondent.

Before Warden, Presiding Judge pro tempore, and Joseph, Chief Judge, and Graber, Judge.*

WARDEN, P. J. pro tempore.

---

* Graber, J., *vice* Van Hoomissen, J.

## WARDEN, P. J. pro tempore.

Plaintiffs brought this action under the Unfair Trade Practices Act. ORS 646.605 *et seq.* They appeal from a summary judgment for defendant. We affirm on the merits and write only to discuss a procedural problem.

After plaintiffs filed their complaint, defendant filed an answer that included a "counterclaim," alleging that plaintiffs' action was frivolous and asking for an award of attorney fees pursuant to ORS 646.638(3).[1] The trial court granted defendant's motion for summary judgment and entered judgment on January 9, 1987. On January 14, plaintiffs' counsel wrote to the trial court, stating that the judgment was not final, because it did not dispose of defendant's counterclaim for attorney fees.[2] Counsel requested that a final judgment be entered so that an appeal could be taken. On January 20, 1987, the trial court entered a judgment under ORCP 67B.

Plaintiffs filed their notice of appeal on February 12, 1987, which was more than 30 days after the first purported judgment. Defendant moved to dismiss on the ground that the appeal was not timely. We granted the motion on the ground that "entry of judgment shall not be delayed for taxation of costs, disbursements, and attorney fees under Rule 68." On reconsideration, we reinstated the appeal after determining that the claim for attorney fees was "a separate claim within the meaning of ORCP 67B."

In its answering brief on appeal, defendant again raises the issue of the timeliness of plaintiffs' appeal. It argues that our first ruling was correct. Defendant's position is that its claim for attorney fees is governed by ORCP 68, which provides the procedure for requests for attorney fees under all statutes. Defendant contends that our holding that its claim for attorney fees constituted a separate claim within the

---

[1] ORS 646.638(3) provides:

"In any action brought by a person under [646.638], the court may award * * * reasonable attorney fees at trial and on appeal and costs. If the defendant prevails, the court may award reasonable attorney fees at trial and on appeal and costs if it finds the action to be frivolous."

[2] Counsel wrote that "[i]t appears that the issue of attorney fees will be dealt with as a matter of costs." In fact, that is what occurred. Defendant followed the procedure of ORCP 68 to request fees, plaintiffs objected and, after a hearing, the trial court denied fees. Defendant does not appeal from that ruling.

meaning of ORCP 67B will turn every request for attorney fees into a "claim for relief" because of the potential for an evidentiary battle over the question of the "reasonableness" of the fees involved.

We do not reach the issue of whether a request for attorney fees under ORS 646.638(3) *must* be pled by counterclaim. By pleading the right to attorney fees as a counterclaim, defendant framed the issues so that the judgment had to dispose of that counterclaim or conform to ORCP 67B, which provides, in part:

> "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim * * * the court may direct the entry of a final judgment as to one or more but fewer than all the claims * * *."

In *Maduff Mortgage Corp. v. Deloitte Haskins & Sells,* 83 Or App 15, 730 P2d 558 (1986), *rev den* 303 Or 74 (1987), we held that a judgment was not final when it did not reduce to judgment a claim that had been withdrawn in open court. The rationale for that conclusion is that a party—or anyone else—should not be required to search behind the trial court record in order to determine whether a claim has been finally disposed of. *See City of Portland v. Carriage Inn,* 296 Or 191, 194, 673 P2d 531 (1983).

The same reasoning applies here. Defendant pled a counterclaim. On the face of the record, the January 9 judgment did not make a final determination of that counterclaim, nor did any other judgment before the entry of the 67B judgment on January 20. ORCP 70A; *see State ex rel Orbanco Real Estate Serv. v. Allen,* 301 Or 104, 720 P2d 365 (1986); *State ex rel Zidell v. Jones,* 301 Or 79, 720 P2d 350 (1986). In this case, defendant's counterclaim for attorney fees constituted a separate claim within the meaning of ORCP 67B for the purposes of appeal, and the January 9 judgment was not appealable.[3] The appeal from the January 20 judgment was timely, and we adhere to our order denying defendant's motion to dismiss it.

We affirm on the merits.

---

[3] In *Wheatley v. Safely,* 92 Or App 233, 758 P2d 377 (1988), we held that adjudication of a counterclaim for attorney fees could not rest on a statement filed pursuant to ORCP 68C(4)(a) when the defendant made his claim under ORS 20.105 for fees incurred in that action and also in an earlier case between the parties.

Affirmed.