On appellant's motion to determine appealability and for leave to file an appealable judgment, filed December 20, 1990; and on respondent's motion to dismiss; motion for determination of appealability allowed; judgment held final; motion for leave under ORS 19.033(4) denied; appeal dismissed May 29, reconsideration denied September 4, petition for review allowed October 29, 1991 (312 Or 234)

Norma Jean PROPP,
*Appellant,*

*v.*

Terry LONG,
*Respondent.*

(A8907-04326; CA A67455)

812 P2d 27

Joel S. DeVore and Luvaas, Cobb, Richards & Fraser, P.C., Eugene, for appellant's motions.

Janet M. Schroer and Schwabe, Williamson & Wyatt, Portland, for respondent's motion.

Before Rossman, Presiding Judge, and Joseph, Chief Judge, and Edmonds, Judge.

EDMONDS, J.

**EDMONDS, J.**

This is an appeal from a judgment for defendant in a negligence action. Defendant moves to dismiss the appeal on the ground that the notice of appeal was filed more than 30 days after plaintiff's motion for new trial was deemed denied under ORCP 64F. Plaintiff opposes the motion to dismiss and moves for a determination of appealability under ORS 19.034 and for leave to enter an appealable judgment under ORS 19.033(4) if the judgment is not final. We allow the motion for determination of appealability, determine the judgment to be final and dismiss the appeal.

■ Plaintiff argues that the judgment was not final, because it does not resolve defendant's counterclaim for attorney fees. That claim was stricken by the court from defendant's earlier pleadings and was not included in the pleadings on which the case was tried. Plaintiff cites *Moffet v. Ginther,* 66 Or App 498, 674 P2d 87 (1984), for the proposition that, even when a party deletes a claim by amending a pleading, the judgment must reflect disposition of the deleted claim in order to be final. However, *Moffet* was impliedly overruled by *Flight Dynamics, Inc. v. Questech Capital Corp.,* 76 Or App 166, 172, 708 P2d 1173 (1985), *rev den* 300 Or 563 (1986), where we held that a judgment complies with ORCP 67B even though it does not address claims from superseded pleadings that are omitted from subsequent pleadings.[1] We hold that the judgment appealed from is final.

Because that judgment is appealable, we deny the motion for leave to enter an appealable judgment under ORS 19.033(4).

Defendant moves to dismiss the appeal on the ground that plaintiff failed to file the notice of appeal within 30 days after plaintiff's motion for new trial was deemed denied under ORCP 64F.[2] The judgment was entered on

---

[1] *Flight Dynamics* was later overruled in part, because it held that claims withdrawn in open court need not be reflected in the judgment in order to comply with ORCP 67B. *Maduff Mortgage Corp. v. Deloitte Haskins & Sells,* 83 Or App 15, 20, 730 P2d 558 (1986), *rev den* 303 Or 74 (1987). Its holding regarding superseded pleadings was not overruled.

[2] ORCP 64F provides:

"A motion to set aside a judgment and for a new trial, with the affidavits, if

August 30, 1990. Plaintiff filed a motion for a new trial on September 10. October 24 was the 55th day after entry of judgment. No order was entered on the motion within 55 days. The notice of appeal was filed on November 26, 1990.[3]

■ ■ Plaintiff contends that the appeal was timely, because ORCP 64F should be read to say that a motion for new trial is deemed denied on the 56th day after entry of judgment, thereby allowing the trial court the full 55 days to rule on the motion and enter an order. We disagree. A motion for new trial is deemed denied by operation of law in the absence of a trial court order entered "within" 55 days. The next day begins the 30-day period for taking an appeal. November 23 was the 30th day after October 24. Because plaintiff failed to file the notice of appeal by that date, the motion to dismiss is allowed.

Motion for determination of appealability allowed; judgment held final; motion for leave under ORS 19.033(4) denied; appeal dismissed.

---

any, in support thereof, shall be filed not later than 10 days after the entry of the judgment sought to be set aside, or such further time as the court may allow. When the adverse party is entitled to oppose the motion by counteraffidavits, such party shall file the same within 10 days after the filing of the motion, or such further time as the court may allow. *The motion shall be heard and determined by the court within 55 days from the time of the entry of the judgment, and not thereafter, and if not so heard and determined within said time, the motion shall conclusively be deemed denied."* (Emphasis supplied.)

[3] November 24, 1990, was a Saturday.