Argued and submitted January 14, decision of the Court of Appeals dismissing plaintiff's appeal is reversed and case remanded to the Court of Appeals for consideration of plaintiff's appeal on the merits May 21, 1992

Norma Jean PROPP,
*Petitioner on Review,*

*v.*

Terry LONG,
*Respondent on Review.*

(CC A8907-04326; CA A67455; SC S38277)

831 P2d 685

Joel S. DeVore, of Luvaas, Cobb, Richards & Fraser, P.C., Eugene, argued the cause and filed the petition for petitioner on review.

Janet M. Schroer, of Schwabe, Williamson & Wyatt, Portland, argued the cause and filed a response for respondent on review.

FADELEY, J.

## FADELEY, J.

The trial court entered judgment against plaintiff on August 30, 1990. Plaintiff moved for a new trial. The trial court did not act on plaintiff's motion within 55 days after judgment was entered. By operation of law, the motion was deemed denied. ORCP 64 F. Plaintiff appealed by a notice of appeal mailed by certified mail on November 26, 1990, which was a Monday. Defendant moved to dismiss the appeal as untimely filed. Plaintiff resisted the motion on two alternate grounds: first, that the appeal period never started to run because no final judgment had been entered; or, second, that the notice of appeal was timely because the time within which to file the notice of appeal did not commence running on the 55th day but, instead, commenced on the day following denial of the motion for a new trial.

The Court of Appeals held that the judgment was final, even though it failed to mention a "counterclaim" pleaded in defendant's answers to the original and amended complaints, but ordered stricken from defendant's answer to the amended complaint and not alleged again in his subsequent answer to the second amended complaint. The Court of Appeals dismissed plaintiff's appeal on the ground that, using the 55th day as the day of the event that triggered running of the appeal period, the notice was not timely filed. *Propp v. Long*, 107 Or App 421, 812 P2d 27 (1991).

Concerning the appealability of the judgment, we agree with the Court of Appeals and, likewise, hold that the judgment is final. Our reasoning on that phase of the case is different in part than that used by the Court of Appeals, 107 Or App at 423. However, we reverse the dismissal and reinstate the appeal because the period for filing the notice of appeal commences on the day following the 55th day from entry of judgment, not on the 55th day.

■ Our first concern is the issue of finality of the August 30 judgment. That issue is jurisdictional in that an appeal may be taken only from a disposition imbued with the requisite finality. ORS 19.010; ORCP 67.

A review of the facts and pleadings is required to understand plaintiff's contention that the judgment from which plaintiff appealed was not yet final and, thus, was not

appealable. Plaintiff rented a houseboat from defendant for use as a residence. Plaintiff was sitting in a chair on the deck of the houseboat; the chair slipped; she fell over the edge, striking a mooring chain and suffering personal injuries.

Plaintiff's original complaint separately alleged two theories for recovery. One was negligence. The other was based on a written lease, which plaintiff incorporated in and attached to the complaint. That lease provided for attorney fees in the event of a dispute arising under the lease. Thereafter, plaintiff filed two amended complaints that omitted the lease-based theory for recovery while retaining the negligence theory.

As part of his answers to both the original complaint and the first amended complaint, defendant pleaded a "counterclaim" for attorney fees, based on the lease provision and on the Oregon Landlord-Tenant Act then in effect, ORS 91.755 (renumbered ORS 90.255 in 1989). Plaintiff moved to strike defendant's counterclaim from the answer to plaintiff's first amended complaint on the ground that the first amended complaint no longer sought recovery based on the lease. The trial court granted the motion and entered a written, signed order that the counterclaim was "hereby stricken."

Thereafter, plaintiff filed her second amended complaint, again alleging only a negligence theory. Defendant's answer to the second amended complaint denied that plaintiff's injuries resulted from defendant's negligence, but did not include any counterclaim for attorney fees. The case was submitted to a jury on the negligence claim asserted in the second amended complaint and that answer; no counterclaim was submitted. The jury returned a general verdict for defendant. Defendant then submitted a cost bill, but did not make any claim for reasonable attorney fees, then or later. Costs and disbursements were approved by the court in the amount stated by defendant and were settled before, and included in, the August 30 judgment prepared by defendant and signed by the trial judge.

Plaintiff contends that the August 30 judgment was not a final judgment for each of two reasons: first, because the August 30 judgment did not expressly dispose of plaintiff's

lease-based theory of recovery, pleaded only in plaintiff's original complaint; and, second, because the judgment failed to dispose of defendant's "counterclaim" for attorney fees, also pleaded only in earlier stages of the case.

Both of plaintiff's contentions depend upon the meaning of "judgment" in the context of a challenge to the appealability of a judicial decision. ORCP 67 A declares that a "judgment," as the word is used in the rules of civil procedure, "is the final determination of the rights of the parties in an action" and that an "order" is "any other determination by a court or judge which is intermediate in nature." ORS 19.140 makes reviewable on appeal an "intermediate order involving the merits or necessarily affecting the judgment or decree appealed from."

Plaintiff argues that ORCP 67 B precludes the August 30 judgment from being a final judgment because neither plaintiff's original claim based on the lease nor defendant's "counterclaim" for attorney fees was mentioned so as to be finally disposed of by that judgment.

ORCP 67 B provides:

"When more than one claim for relief is *presented in an action*, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates *fewer than all the claims or* the rights and liabilities of *fewer than all the parties* shall not terminate the action as to *any of the claims or parties*, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." (Emphasis added.)

The Court of Appeals ruled that, where a party makes a claim in one pleading but omits that claim from a subsequent pleading, the claim no longer exists because the pleading stating it has become a "superseded pleading." 107 Or App at 423. We agree, but only as to plaintiff's original

claim based on the lease that she dropped in her amended pleadings.

Plaintiff relinquished the lease-based claim or theory of recovery when she voluntarily initiated an amendment of her pleadings that omitted that claim. Filing an amended complaint that omitted that basis for claim was plaintiff's choice; no order of the court intervened in that choice. The Court of Appeals' application of the "superseded pleading" reasoning was appropriate concerning plaintiff's voluntarily relinquished claim.[1] Plaintiff's relinquished theory of recovery was not a claim presented in the action; therefore, it was not a claim in the case subject to the second sentence of ORCP 67 B.

■　　　However, when a party is ordered by the court to strike a counterclaim and files a subsequent pleading omitting that counterclaim, the mere fact of omission does not mean that the counterclaim has been waived or relinquished. ORCP 25 A provides, in part:

> "In all cases where part of a pleading is ordered stricken, the pleading shall be amended in accordance with Rule 23 D. By amending a pleading pursuant to this section, the party amending such pleading shall not be deemed thereby to have waived the right to challenge the correctness of the court's ruling."

Moreover, ORS 19.140 contemplates review on appeal of any intermediate order involving the merits or affecting the judgment. The order striking the counterclaim appears to come within that section. Even before ORCP 25 was adopted, this court had rejected, for purposes of deciding whether an issue was preserved on appeal, such a sweeping, superseded-pleading rule as that enunciated by the Court of Appeals in this case. As this court said in *Moore v. West Lawn Mem'l Park*, 266 Or 244, 248, 512 P2d 1344 (1973):

> "In cases in which a demurrer has been sustained to one of several causes of action or theories of recovery alleged, we hold that the filing of an amended complaint omitting the cause or theory to which the demurrer was sustained does

---

[1] This case only involves questions about claims under ORCP 67, not parties. Accordingly, this opinion should not be construed as considering any issue concerning parties.

not waive the pleader's right on appeal to object to the sustaining of the demurrer."

Thus, a counterclaim made by a defendant that is stricken by the court is in a different posture than plaintiff's lease-based theory of recovery. Although it is true that defendant omitted the "counterclaim" from his final answer filed in the case, he did so because of the court's order striking it, not voluntarily. The superseded pleading rationale is not sufficient here. However, because the stricken counterclaim in this case was a request for attorney fees — a subject governed by a specific rule of procedure — we need not grapple with that problem further in this case. We turn to a consideration of defendant's "counterclaim" viewed as a request for attorney fees.

■    The Oregon Rules of Civil Procedure give specific, different, and separate treatment to claims for attorney fees. ORCP 68 C(1), with two exceptions not applicable here, provides that that section "governs the pleading, proof, and award of attorney fees in *all* cases, regardless of the source of the right to recovery of such fees." (Emphasis added.)

ORCP 68 C(5)(b) provides:

> "When any issue regarding attorney fees or costs and disbursements has not been determined before a judgment pursuant to Rule 67 is entered, any award or denial of attorney fees or costs and disbursements shall be made by a separate supplemental judgment. The supplemental judgment shall be filed and entered and notice shall be given to the parties in the same manner as provided in Rule 70 B.(1)."

Clearly, that rule specifically covers either an "award or denial of attorney fees" and contemplates that a final judgment may be entered notwithstanding an omission to award or deny such fees before the judgment is entered. Because there is a specific and particular rule for attorney fee claims, the claim for attorney fees does not fall within the meaning of "claim" or "counterclaim" in ORCP 67 B's general rule and, thus, that rule is not applicable to the present case. ORS 174.020 (providing that "particular provision" is paramount to a general provision that is inconsistent with it). *See also* ORCP 70 B(1)(entry of judgment shall not be delayed for a determination of attorney fees under ORCP 68).[2]

---

[2] In support of his argument that a counterclaim was still pending, plaintiff cites *Swagerty v. Joe Romania Chevrolet*, 95 Or App 728, 731, 770 P2d 967, *rev den*

Defendant's "counterclaim" for attorney fees was not a "claim" within the meaning of ORCP 67 B. Entry of the August 30 judgment disposed of the sole remaining claim, that of plaintiff for negligence. ORCP 67 A is fully satisfied by the August 30 judgment.[3]

Because the judgment was final, the appellate court had jurisdiction to consider whether the notice of appeal was timely. We turn to consideration of the period of time permitted for filing plaintiff's notice of appeal.

ORCP 10 A in part provides: "In computing any period of time prescribed or allowed by these rules, * * * the day of the act, event, or default from which the designated period of time begins to run shall not be included." ORS 174.120 similarly provides that "the time within which an act is to be done * * * is computed by excluding the first day and including the last unless the last day falls upon any legal holiday or on Saturday, in which case the last day is also excluded."

The motion for a new trial was filed concerning a judgment that was entered August 30. ORCP 64 F provides that motions for new trial "shall conclusively be deemed denied" if not acted on "within 55 days from the time of the entry of the judgment." October 24 was the 55th day after the judgment was entered.

---

308 Or 79 (1989), an opinion in which the issue discussed was whether the time to appeal started running after a judgment was entered on defendant's motion for summary judgment or later, after the court entered a second judgment disposing of defendant's "counterclaim" for attorney fees as well as confirming the summary judgment. That case relied on *Wheatley v. Safley*, 92 Or App 233, 758 P2d 377 (1988), and, by way of a *"See"* cite, *City of Portland v. Carriage Inn*, 296 Or 191, 194, 673 P2d 531 (1983). Neither authority supports the *Swagerty* rationale. *Wheatley* held that one of the two exceptions to ORCP 68 C(1) applied in that case, making it no authority for the general proposition for which it was cited in *Swagerty* — that ORCP 68 does not apply to a request for attorney fees so long as the request is denominated a "counterclaim." *City of Portland v. Carriage Inn, supra*, is not about attorney fees, a claim for them, or ORCP 68. Moreover, that case noted that a failure to rule on "taxation of costs, disbursements, and attorney's fees * * * does not delay entry of judgment. ORCP 70 B(1)." 296 Or at 194. ORCP 70 B(1) provides in part: "Entry of judgment * * * *shall not* be delayed for taxation of * * * attorney fees under Rule 68." The rationale for the general proposition stated in *Swagerty* does not correctly interpret or apply ORCP 68 C and 70 B.

[3] *See State ex rel Zidell v. Jones*, 301 Or 79, 94, 98, 720 P2d 350 (1986) (ORCP 67 B does not apply after all claims against all parties have been "adjudicated").

■ ORCP 64 F ends with the clause, "and if not so heard and determined within said time, the motion shall conclusively be deemed denied," but that rule does not state *when* "the motion shall conclusively be deemed denied." The rule, however, is clear in this respect: the trial court may hear and determine the motion at any time through 11:59:59 p.m. on the 55th day. *See State ex rel Smith v. Appling*, 223 Or 576, 355 P2d 760 (1960) (where a statute required an act to be done "not less than 70 days before" a general election day, the act could be done at any time on the 70th day). In the absence of action before 11:59:59 p.m. of the 55th day, the motion would be "deemed denied" after 11:59:59 of the 55th day, that is, on the next day, the 56th day (October 25 in the instant case). We so hold.[4]

■ We further hold that "the act, event or default from which the designated period of time begins to run" pursuant to ORCP 10, occurred only on day 56, when the trial court was deprived of power to act by operation of ORCP 64 F.

■ Applying the words of ORCP 10, the day following the 55th day is the day of the event. That day (day 56) is not counted among the 30 days, because ORCP 10 states that the first day — the day of the event — is not counted. The last day is counted among the 30, unless it is a Saturday or a Sunday or other legal holiday, as it was here. Thus, the 30th day to file the notice of appeal following denial of the new trial motion was November 24th. Because that date fell on a Saturday, that day must be excluded in counting the time under the provisions of ORS 174.120; and the next day, Sunday, is a legal holiday that may not be counted in the time under the provisions of ORS 187.010 and ORS 174.120.[5] Consequently,

---

[4] *Crow v. Junior Bootshops*, 241 Or 135, 404 P2d 789 (1965), appears, by necessary implication, to have similarly construed the former statute (ORS 17.615 (1965)), which provided that motions for new trial were deemed denied if not acted upon "within" 55 days. That is, the 55th day was not treated as the day of the event, from which the appeal time began to run, nor counted in computing the appeal period.

[5] ORAP 1.25, in accord, provides:

"The times provided in these rules for an act to be performed shall be computed by excluding the day of the event from which the designated period of time begins to run. The act must be performed on the last day of the period unless that day is a Saturday, Sunday or legal holiday, in which case the act must . be performed on the next judicial day."

certified mailing of the notice of appeal on Monday, November 26, which was the next "judicial" day, was sufficient and timely.[6] The Court of Appeals' holding to the contrary was erroneous.

The decision of the Court of Appeals dismissing plaintiff's appeal is reversed, and the case is remanded to the Court of Appeals for consideration of plaintiff's appeal on the merits.

---

[6] ORAP 1.35(1)(b) confirms that ORS 19.028(1) establishes the date of filing where a notice of appeal is mailed to the State Court Administrator by certified or registered mail.

ORS 19.028(1) provides in part:

"Filing a notice of appeal in the Court of Appeals or the Supreme Court may be accomplished by mail. The date of filing such notice shall be the date of mailing, provided it is mailed by registered or certified mail and the party filing the notice has proof from the post office of such mailing date. Proof of mailing shall be certified by the party filing the notice and filed thereafter with the court to which the appeal is taken."