Argued and submitted December 20, 1993, affirmed July 27, petition for review
denied September 27, 1994 (320 Or 271)

## Norma Jean PROPP,
*Appellant,*

*v.*

## Terry LONG,
*Respondent.*

### (A8907-04326; CA A67455)

879 P2d 187

Joel S. DeVore argued the cause for appellant. With him on the briefs were Martin Schedler, P.C., and Luvaas, Cobb, Richards & Fraser, P.C.

Janet M. Schroer argued the cause for respondent. With her on the brief was Hoffman, Hart & Wagner.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

LEESON, J.

## LEESON, J.

In this negligence action, plaintiff appealed from a judgment for defendant. Defendant moved to dismiss the appeal, arguing, among other things, that it was not timely filed. We agreed, and dismissed plaintiff's appeal. *Propp v. Long*, 107 Or App 421, 812 P2d 27 (1991). On review, the Supreme Court determined that the appeal was timely filed, and remanded to us for a determination on the merits. *Propp v. Long*, 313 Or 218, 831 P2d 685 (1992).

We view the facts in the light most favorable to defendant, who prevailed on the jury verdict below. *Brown v. J. C. Penney Co.*, 297 Or 695, 688 P2d 811 (1984). In May, 1987, plaintiff rented an apartment in defendant's boathouse. A deck with a railing was attached to the front of the living space and connected with the marina's dock/walkway, which was approximately 2-3 feet above the water. When plaintiff moved in, she noticed that the deck had dry rot and numerous holes in it. Plywood was laid over the deck and plaintiff arranged flower pots near some of the holes.

Plaintiff asked defendant to repair the deck. He agreed, and hired a friend, Talarico, to remove and rebuild the old deck and railing. Talarico had been a licensed and bonded contractor since the 1960's, but was employed as a stockbroker during the week. Talarico, his son and a helper removed the old deck and railings on August 15, 1987. They rebuilt the deck, but did not replace the railing because the material Talarico had received from the lumber dealer was unsatisfactory and no adequate replacement material was available.

Nine days after the new deck was built, the railings still had not been replaced. Plaintiff was injured when a chair she sat in slid backwards over the edge of the deck. She fell from the deck and landed partly across a chain in the water. The accident caused permanent injury to her right ear and leg. She brought this common law negligence action against her landlord,[1] alleging direct liability for his failure to warn her of the slippery nature of the new deck and alleging

---

[1] Plaintiff failed to timely pursue claims against defendant under the Residential Landlord and Tenant Act (RLTA), ORS 90.100 to ORS 90.940, and did not pursue any claim against Talarico.

vicarious liability for Talarico's failure to replace the railing. At the conclusion of the trial, the jury found that defendant was not negligent in any of the respects claimed in plaintiff's complaint.

Plaintiff's first argument on appeal is that the trial court erred in giving defendant's requested jury instruction on defendant's vicarious liability for Talarico's conduct. The jury was instructed, in part:

> "Plaintiff claims that Mr. Pat Talarico was defendant's agent and was acting within the scope of his employment as such agent at the time involved in this case. Defendant denies that Pat Talarico was acting as his agent at the time involved in this case.

> "An agent is a person who is authorized to act for and is subject to the control or right of control of another person, that other person being called the principal. The acts or omissions of an agent within the scope of the agent's authority are to be considered by you as the acts or omissions of the principal. However, *one who employs an independent contractor is not legally responsible for the actions or omissions of the independent contractor."* (Emphasis supplied.)

The remainder of the instruction listed the factors that the jury should consider, among others, in determining whether Talarico was defendant's agent or an independent contractor.[2]

Plaintiff argues that the instruction was "simple, dangerous, and wrong," because it improperly instructed the jury that a property owner could discharge the owner's duties to a tenant by delegating them to an independent contractor. She concedes that one who hires an independent contractor is generally not held liable for the contractor's negligence, but urges us to recognize an exception to that rule when the independent contractor is performing repairs for a residential landlord. She contends that, because of the landlord's duty to the tenant—that is, the duty to properly complete repairs that the landlord has undertaken—the landlord must remain liable, whether the repairs are performed by the landlord, the landlord's agent, or an independent contractor.

---

[2] The factors included who supplies the instrumentalities, tools and place of work, the method of payment, and the extent of the alleged principal's control.

 A threshold question is whether plaintiff adequately preserved this issue. Defendant correctly points out that plaintiff's oral exception to the instruction was "not very specific." In excepting to the instruction, plaintiff argued:

> "With the instruction No. 7 of the defendant's, we take exception to that. I think that essentially the Court duplicated — I realize we're talking about Restatement of Torts, but from the point of in determining whether Mr. Talarico was employed as [an] independent contractor, then a series of points or facts should be considered. I think that as I read the instructions, they generally do not go that far and I think that might have been prejudicial to the plaintiff, and for that reason, we take exception to that."

The exception was taken only as to the factors to be considered by the jury. Plaintiff did not object to the inclusion of language regarding defendant's liability for the actions of an independent contractor. A party who disagrees with a proposed jury instruction must specifically inform the court of the grounds for the exception, so the court may have an opportunity to correct any mistake. ORCP 59H; *Beecher v. Montgomery Ward & Co.*, 267 Or 496, 503, 517 P2d 667 (1973). Furthermore, an exception on one ground does not preserve the error on another ground. *Henderson v. Nielsen*, 127 Or App 109, 118-19, 871 P2d 495, *rev den* 319 Or 149 (1994). Nothing in plaintiff's exception specifically raised the issue presented on appeal. It did not inform the trial court of the alleged error or provide an opportunity to correct it.[3] The error, therefore, was unpreserved.

██ The general rule is that a question not preserved in the trial court cannot be raised on appeal. *State v. Kessler*, 289 Or 359, 371 n 17, 614 P2d 94 (1980). However, we may consider an inadequately preserved claim of error if it is one of law apparent on the face of the record. The instruction given by the trial court did not include an error of law apparent on the face of the record, and we do not address it.

---

[3] In her brief, plaintiff argues that the independent contractor issue was a familiar one to the trial court because it had been raised in her Response to Plaintiff's Motion in Limine, her trial memorandum and in early discussion with the trial judge. Although plaintiff's memorandum did include some general discussion of vicarious liability for an independent contractor, it did not raise the issue in such a way that the trial judge would realize the potential error in defendant's requested instruction.

■ Plaintiff also assigns error to the trial court's failure to give three of her requested jury instructions. First, she argues that the trial court erred in failing to give her requested instruction on vicarious liability. She argues that she was entitled to the instruction, because Talarico was defendant's agent as a matter of law, and because, in any event, "[Talarico's] status as an alleged independent contractor was not relevant, either under traditional exceptions or by reason of [defendant's] statutory duty."

Plaintiff's requested instruction provided:

> "A principal is liable for the negligence of its agents. Pat Talarico was the agent of [defendant]. Any negligence of Pat Talarico is the negligence of [defendant]."

The question of whether someone is an agent or an independent contractor is a question of law only when the facts are not in dispute and when only one reasonable inference can be drawn from them. *Jenkins v. AAA Heating*, 245 Or 382, 386, 421 P2d 971 (1966). Here, there were significant questions about the terms of the agreement to repair plaintiff's deck and the degree of control defendant had over Talarico. Therefore, the question of Talarico's status was for the trier of fact. *Woody v. Waibel*, 276 Or 189, 192 n 3, 554 P2d 492 (1976). Although an instruction that "Talarico was the agent of defendant" might have achieved the same legal end as plaintiff's theory that a landlord should be liable for the acts of an independent contractor, it is nonetheless an incorrect statement under the circumstances of this case. Plaintiff's proposed instruction emphasizes the significance of the distinction between an agent and an independent contractor instead of removing that distinction in the context of landlord-tenant relationship. A requested instruction is properly refused unless it ought to have been given in the very terms in which it was proposed. *State v. Francis*, 284 Or 621, 626, 588 P2d 611 (1978). Accordingly, the trial court did not err in refusing to give plaintiff's instruction.

Plaintiff next argues that the trial court erred in failing to give her requested instruction on "known defects," which provided:

> "A landlord is responsible for making repairs on a leased property in a reasonable manner where no reasonable expectation exists that a tenant would repair a known defect.

"If you find that the absence of the railing at the time of the accident was a known defective condition caused by the defendant, and that there was no reasonable expectation that plaintiff would repair or replace the absent railing, and that this defective condition was a substantial factor in causing plaintiff's injuries, you must find defendant guilty of negligence."

Plaintiff argues that this instruction should have been given if her requested instruction on agency was not given, because this instruction would have told the jury "how to test the landlord's responsibility." She cites *Bellikka v. Green*, 306 Or 630, 647, 762 P2d 997 (1988), for the proposition that a landlord must make repairs "where no reasonable expectation exists that a tenant would repair."

The plaintiff in *Bellikka* was a third-party visitor whose injury was caused by a dangerous condition or "defect" that had been on the property at the time the property was rented to the tenant. Under those circumstances, the court held that the landlord's liability to the third party would depend on whether the defect was such that the landlord would reasonably expect that the tenant would take steps to remedy the defect or otherwise safeguard third parties against it. The court specifically limited its ruling to visitors on the property at the invitation of a tenant. It did not decide a landlord's duty to a tenant.[4] 306 Or at 640.

Here, plaintiff was not a third-party visitor. Of more importance is the fact that the defect alleged in plaintiff's complaint, the lack of a railing, did not exist until after

---

[4] Plaintiff urges us to extend *Bellikka* to apply to tenants as well as to third-party visitors. The court in *Bellikka* noted:

"Despite the important distinctions that might exist between a landlord's liability to visitors and liability to tenants, the traditional response of the common law has been to consider a landowner's liability to both parties as being the same. Thus, the Restatement (Second) of Torts, section 356, speaks of a landlord's liability to 'his lessee or to others on the land' as being the same."

The court continued, however, to limit its opinion "to a discussion of the proper basis of potential liability for landowners with respect to visitors who are on the property at the invitation of the tenant." 306 Or at 640.

Although plaintiff's theory of landlord liability to a tenant may be attractive and only a short extension of *Bellikka*, we cannot reach the issue of whether it is appropriate because, as discussed below, the proposed jury instruction does not convey that theory to the jury.

plaintiff rented the apartment.[5] In the absence of an agreement to the contrary, under the common law a landlord generally is not responsible for repairing conditions that develop or are created *after* possession has been transferred to the tenant. *Catale v. Vanport Mfg., Inc.*, 86 Or App 128, 131, 738 P2d 599 (1987).

There is no question that defendant agreed to repair the deck. However, plaintiff's requested instruction is too broad. It does not focus on defendant's liability as stemming from his agreement to carry out the repairs; instead, it holds a landlord responsible to repair all defects, even in the absence of an agreement to do so, regardless of whether the defects are serious or obvious and regardless of when they arise. Such an obligation is well beyond what the law requires.

Plaintiff next argues that RLTA created a statutory duty for defendant to maintain railings on the deck.[6] Assuming, without deciding, that RLTA creates such a duty, plaintiff did not allege the statutory violation. She did not pursue any claim based on RLTA, did not specify its violation as negligence *per se*, and did not attempt to use RLTA in her common law negligence action to establish a proper standard of care for defendant. *See Bellikka v. Green, supra*, 306 Or at 650-51.

Finally, plaintiff argues that her "known defect" instruction should have been given because defendant undertook to repair the deck by hiring Talarico and Talarico was negligent in removing and not replacing the railing. As proposed, her instruction would require the jury to find defendant negligent if it determined that, among other things, the absence of the railing "was a known defective condition

---

[5] Even if the defect had been in existence at the time of the rental, defendant's only duty would have been to warn of latent defects unless there was a statutory obligation or an agreement to the contrary. *See Richards v. Dahl*, 289 Or 747, 749, 618 P2d 418 (1980).

[6] ORS 90.320(1) provides, in relevant part:

"A landlord shall at all times during the tenancy maintain the dwelling unit in a habitable condition. For the purposes of this section, a dwelling unit shall be considered uninhabitable if it substantially lacks:

"* * * * *

"(h) *Floors*, walls, ceilings, stairways and *railings* maintained in good repair[.]" (Emphasis supplied.)

*caused by the defendant.*" (Emphasis supplied.) Her theory, however, is that a landlord should be "vicariously liable for the negligence of an independent contractor performing repairs on the property at the owner's direction." Plaintiff's proposed instruction does not convey that theory. The instruction contains no statement that landlords are liable for the negligent acts of independent contractors. Absent such a statement, the jury would have had no legal basis on which to find defendant liable for the negligent acts of Talarico (if it found Talarico to be an independent contractor). By the terms of plaintiff's proposed instruction, the jury could have found defendant negligent only if it had found that *defendant* caused the defective condition.[7] The trial court did not err in refusing to give plaintiff's requested instruction.[8]

Plaintiff next argues that the court erred in failing to give her requested instruction on gratuitous repairs. She contends that the trial court's failure to give the instruction denied her the opportunity to establish defendant's liability under the "well-established traditional exception" that a landlord who gratuitously repairs is liable for repairs negligently made.

The requested instruction provided:

"A landlord who gratuitously undertakes to make repairs is liable for resulting injuries to a tenant, if the landlord fails to exercise reasonable care when performing the repairs.

"If you find the defendant's repair of the deck and failure to warn the plaintiff of *the dangerous nature of the deck* were unreasonable and was a substantial factor in causing the plaintiff's injuries, then you must find the defendant guilty of negligence." (Emphasis supplied.)

At trial, defendant strongly disputed whether the deck or its lack of a railing were dangerous.[9] The jury instruction offered

---

[7] We also note that plaintiff's instruction would not have allowed the jury to consider the *reasonableness* of defendant's delay in replacing the railing under the circumstances. As proposed, it would have required the jury to find defendant negligent even if he or Talarico had made every reasonable effort to replace the railing, an argument pursued by defendant at trial.

[8] We note that a jury instruction in a civil case that tells the jury that it "must find defendant guilty of negligence" is not neutral in form. *See Royer v. Wendland*, 261 Or 1, 7, 492 P2d 280 (1971).

[9] Plaintiff does not argue that defendant was liable for failing to replace the railing because of the height of the deck. In fact, there was some evidence at trial that

by plaintiff, however, assumed as a fact that the deck was dangerous. Although an additional instruction might have been given to require a finding whether the deck was in fact dangerous, plaintiff requested no such instruction. Accordingly, it would have been error to give the instruction, *Olson v. Coats*, 78 Or App 368, 372, 717 P2d 176 (1986), and the trial court correctly refused to do so.[10]

In her fifth assignment of error, plaintiff argues that the court should not have allowed defendant to play a re-recorded audio tape at trial. She contends that defendant did not lay a proper foundation for the evidence and that the re-recording was impermissibly used as substantive evidence. Evidentiary error is not presumed to be prejudicial. OEC 103; *Powers v. Officer Cheeley*, 307 Or 585, 597, 771 P2d 622 (1989). Error, if any, was harmless because the evidence was cumulative.

Affirmed.

---

most other apartments in boathouses in the area did not have a railing on their decks. Defendant testified that there was no building code or ordinance requiring a railing.

[10] We emphasize that this opinion does not reach the issue of a landlord's vicarious liability to a tenant for the alleged negligence of an independent contractor. Our decision is based solely on the common law negligence claim as alleged by plaintiff and the jury instructions specifically offered and given in this case.